**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**GREGORY ALLEN RUMPH, JR.,**


**Plaintiff,**

v.                                    **CASE NO. 20-3139-SAC**


**SHAWNEE COUNTY JAIL, et al.,**


**Defendants.**


**MEMORANDUM AND ORDER**
**AND ORDER TO SHOW CAUSE**

      Plaintiff Gregory Allen Rumph, Jr., a prisoner being held at the Shawnee County Jail ("SCJ") in Topeka, Kansas at the time of filing, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *in forma pauperis*.  For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I.  Nature of the Matter before the Court**

      Plaintiff's Complaint brings three counts alleging "unfair and unusual punishment." Plaintiff states that on April 2, 2020, he witnessed a Corrections Officer hand an inmate a copy of Our Daily Bread and a "bag of dope" fell out.  Plaintiff immediately asked to speak with Brian Cole, the Director of the Shawnee County Department of Corrections.  His request was refused. Plaintiff alleges he began to be targeted by staff.  The next day, the facility staff did a shakedown of inmate rooms.  Plaintiff informed them he had a lighter in his room, and he got sent to "the

1

hole" until April 6.  On April 12, 2020, there was a lockdown, and facility staff claim Plaintiff refused to lockdown.  He again got sent to the hole.  Once there, he states that he attempted to hang himself due to the unfair punishment.

Plaintiff names as defendants the Shawnee County Jail and Brian Cole.  He seeks compensatory damages of $50,000.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915A(a).  Additionally, with any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the Court has a duty to screen the complaint to determine its sufficiency.  *See* 28 U.S.C. § 1915(e)(2).  Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise

a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### A. Defendants

Plaintiff names the Shawnee County Jail as a defendant.  Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under Section 1983); *Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, entities with no apparent legal existence); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n. 3 (10th Cir. June 21, 2000) (unpublished op.) (affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that "a detention facility is not a person or legally created entity capable of being sued"); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 F. App'x 406, 408 (10th Cir. 2005).  Therefore, Plaintiff's claims against the Shawnee County Jail should be dismissed for failure to state a claim upon which § 1983 relief may be granted.

Plaintiff also names Brian Cole, the Director of the Shawnee County Department of Corrections, as a defendant.  However, Plaintiff does not describe any participation by Defendant Cole in the alleged violations.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is

based.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).   Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

An official's liability under § 1983 may not be predicated solely upon a theory of respondeat superior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation.  *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).  "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Plaintiff fails to allege the personal participation of Defendant Cole in the alleged violations.  For that reason, Defendant Cole is subject to dismissal from this lawsuit.

**B.  Eighth Amendment**

**Legal Standard**

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency."  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  The Supreme Court has acknowledged that the Constitution "'does not mandate

comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001).

In order to state a claim of cruel and unusual punishment under the Eighth Amendment, the plaintiff has to establish "deliberate indifference."  The deliberate indifference standard includes both an objective and subjective component.  *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).  To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834; *Martinez*, 430 F.3d at 1304.  The objective component is met only if the condition complained of is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

With regard to the subjective component, the plaintiff must prove that the defendant acted with a culpable state of mind. *Farmer*, 511 U.S. at 834, 837 ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); *McBride*, 240 F.3d at 1291; *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001)(Deliberate indifference "requires both knowledge and disregard of

possible risks.").  It is not enough to establish that the official should have known of the risk of harm.  *Farmer*, 511 U.S. at 837–38; *Barney*, 143 F.3d at 1310.

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation, the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered."  *Despain*, 264 F.3d at 974 (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).  "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id.*; *Barney*, 143 F.3d 1311.  As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases.  Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while substantial deprivations. . . may meet the standard despite a shorter duration." *Id.*

On the other hand, the court is mindful of the Supreme Court's mandate that the judicial branch accord deference to prison authorities in the running of prisons and jails, particularly when a state prison system is involved.  *See Turner v. Safley*, 482 U.S. 78, 85 (1987).  "[M]aintaining internal security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Bell v. Wolfish*, 441 U.S. 520, 546 (1979).

### Count I

Plaintiff alleges he was subjected to "unfair and unusual punishment", which the Court construes as alleging an Eighth Amendment violation, when his request to speak with Defendant Cole was denied.   Plaintiff makes no additional allegations under this count.  Plaintiff fails to allege any prison condition that posed a substantial risk of harm as required to state an Eighth Amendment claim.

## Count II

Plaintiff claims he was subjected to "unfair and unusual punishment" when he was placed in segregation for three days after informing the guards he had a lighter in his room.

"[A]dministrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms,* 459 U.S. 460, 468 (1983).  Plaintiff "has not alleged sufficient facts to show that his placement in administrative segregation, which is a common occurrence in prisons, gave rise to a substantial risk of serious harm" as required to state a claim for violation of his Eighth Amendment rights. *See Driggers v. Clark*, 422 F. App'x 747, 750 (10th Cir. 2011).

## Count III

Plaintiff claims he was subjected to "unfair and unusual punishment" when he was again sent to administrative segregation on April 12, 2020.  The Incident Report for the incident states he repeatedly refused to return to his room when a lockdown was called and complained about no longer having a room to himself. *See* ECF No. 1-1, at 3.  Plaintiff requested a disciplinary hearing, and the hearing was held on April 17, 2020.  After video footage of the incident was reviewed, Plaintiff was found guilty of failing to lockdown.  He received a sanction of time served plus seven days cell restriction.  However, Plaintiff alleges the lockdown was a set up targeted at him.

As with Count II, Plaintiff has not alleged sufficient facts to show the incident and punishment were Eighth Amendment violations.  Five days in segregation and an additional seven days of cell restriction, without more, does not rise to the level of cruel and unusual punishment.

## C. Retaliation

Plaintiff alleges he was targeted by staff of the Shawnee County Jail after he witnessed a staff member attempt to pass an inmate drugs and then asked to speak with Defendant Cole.  While he does not so state, Plaintiff may be attempting to bring a claim for unconstitutional retaliation.

 "It is well-settled that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (quotation omitted).  "Nor may prison officials retaliate against prisoners for filing administrative grievances." *Leek v. Miller*, 698 F. App'x 922, 925 (10th Cir. 2017) (citing *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991)).  The elements of a retaliation claim are: "(1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

Here, Plaintiff was attempting to engage in a protected activity: submitting a request to report the alleged illegal activity.  He claims that as a result of his attempt, he suffered retaliatory discipline.  However, an inmate cannot state a retaliatory discipline claim when he has actually violated a jail rule. *Requena v. Roberts*, 893 F.3d 1195, 1211 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 800, 202 L. Ed. 2d 589 (2019); *citing Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008) ("An inmate may maintain a cause of action for retaliatory discipline under 42 U.S.C. § 1983 where a prison official files disciplinary charges in retaliation for an inmate's exercise of constitutional rights.  However, claims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule.  Thus, a defendant may successfully

defend a retaliatory discipline claim by showing 'some evidence' the inmate actually committed a rule violation." (citations omitted)).  In the first incident, Plaintiff admits he had a lighter in his room, presumably a rule violation, and in the second, he was convicted of refusing to lockdown, also a rule violation.  Therefore, it appears Plaintiff cannot maintain a retaliatory discipline claim.

## IV.  Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **December 7, 2020**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

**DATED:  This 6th day of November, 2020, at Topeka, Kansas.**


**s/  Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**